946 A.2d 1026

IN THE MATTER OF JOHN SCOTT ANGELUCCI,
AN ATTORNEY AT LAW.

May 7, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–262, concluding on the record before the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **JOHN SCOTT ANGELUCCI OF DEPTFORD**, who was admitted to the bar of this State in 1992, and who has been temporarily suspended from the practice since January 4, 2007, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 1.5(b) (failure to communicate basis or rate of fee in writing), *RPC* 1.16(d) (failure to protect client's interests on termination of representation) and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And respondent having failed to appear on the Order to Show Cause issued in this matter, and the Court having held in *In re Kivler*, 193 *N.J.* 332, 939 *A.2d* 216 (2008) that a respondent's unexcused failure to comply with an Order to Show Cause may be a basis for enhanced discipline;

And good cause appearing;

It is ORDERED that **JOHN SCOTT ANGELUCCI** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of

*Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RFC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.